## UNDERWOOD v. WARREN and another.[1]

### (Circuit Court, E. D. Missouri. June 10, 1885.)

PATENTS FOR INVENTIONS—TRACK-DRILLS.

The combination covered by letters patent No. 205,927, issued to F. J. Underwood for an improvement in railroad-track drills, is not infringed by the use of the device described in letters patent No. 186,225, by the addition of a vertical screw with a thumb-piece, for the purpose of holding the sliding block in position.

In Equity.

G. M. Stewart and Britton A. Hill, for complainant.

Parkinson & Parkinson, for defendants.

TREAT, J., (orally.) The case of Underwood v. Warren and March is a suit for infringement of a patent. Most of the elements of this case have been heretofore considered, and the views of the court will be found in 20 FED. REP. 697.

All that is necessary to determine the question now presented can be expressed in a very few words. The Underwood patent, No. 205,-927, dated July 9, 1878, is a combination patent. The defendants use the Belan patent, of which they are the proprietors, which patent was issued November 18, 1876, numbered 186,225. Both of these patents are for ratchet-drills in connection with rails, or more especially fish-plates on rails. The Belan patent consisted of two parallel bars, with clamps extending therefrom to hold them in position, and clamped to the railroad bar; and in order to operate the drill there was a movable block between the bars, with a horizontal screw running through it at the particular point where it was desired to bore the railroad bar. By screwing up horizontally the boring apparatus,

---

[1] Reported by Benj. F. Rex, Esq., of the St. Louis bar.

the end could be effected. It was ascertained, however, that such a device was not sufficiently rigid to effect the end; hence the subsequent patent, fully described in the opinion heretofore given by the court, which is a combination patent. Instead of taking two parallel bars through which slides a movable block with the horizontal screw, the new patent takes only one bar with a mortice-block sliding on it, to be held in position, as occasion requires, by a wedge on the side of it, or as stated, "any other equivalent device." But the force of plaintiff's patent is in the combination; that is, the taking of a single bar with a mortice-slide and a wedge, or an equivalent contrivance as a vertical screw, to keep it in position while the ratchet-drill is boring a hole through the fish-plate, or the bar to which the fish-plate is to be attached. There is no element in the Underwood patent which is not in the Belan patent, except that in the Underwood combination there is a single bar instead of two parallel bars, with an addition which makes a separate claim of what is called a bail, whereby the single bar can be raised or lowered so that you may bore horizontally.

That is sufficient for a general description. It so happens that the proprietors of the Belan patent have everything that they had before, only they have chosen, in order to hold the sliding block in position more firmly than had been done under the original Belan patent, to bore vertically through it, and by means of a screw and a thumb-piece to hold it firmly in position. Now, it is a most familiar principle in the law of patents that one who has a combination cannot sue for an infringement any person who does not use his entire combination. If he has chosen to insert in his combination elements that are unnecessary, his patent meets with very little favor. In this particular case, however, there is no infringement of his combination at all. The averment seems to be that by using a vertical screw with a thumb-piece, which is the most familiar mechanical element to hold a slide in position, the defendants have infringed this complainant's combination. They have not used the combination, nor any new element of it.

The bill is dismissed. There is no infringement.